BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CAMCO PATENT INFRINGEMENT  )
LITIGATION                       )

DOCKET NO. 101

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S.
LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

Plaintiffs, Camco Inc., Perry R. Bass, Inc. and Sid W.

Richardson Foundation, Inc., filed an action in the Western

District of Louisiana and another in the Northern District of

Texas alleging infringement of patents held by them.  Defend-

ants in the Louisiana action counterclaimed to have the patents

in issue declared invalid and not infringed and also alleged

violations of the antitrust laws.

Plaintiffs, have moved, pursuant to 28 U.S.C. §1407, for

transfer of the Louisiana action to the Northern District of

Texas for coordinated or consolidated pretrial proceedings

with respect to all matters involving the validity of any claim

of any patent asserted in either action.  Neither the Louisiana

nor the Texas defendants oppose transfer of the patent claims.

---

\*     Although Judges Wisdom and Becker were not present at the
hearing, they have, with the consent of all parties, partici-
pated in this decision.

-2-

However, the Texas defendants have also moved to have the Louisiana defendants' antitrust counterclaim transferred for pretrial proceedings.[1]/ Plaintiffs appeared at the hearing and did not object to transfer for all pretrial discovery. We find that transfer of the Louisiana action to the Northern District of Texas will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.

Plaintiffs favor transfer to Texas because all issues of patent validity raised in the Louisiana action are also raised in the Texas action, although the converse may not be true. It is clear that the issues of patent validity raised in these two actions present common questions of fact and that consolidation for pretrial proceedings will avoid duplicative discovery and prevent inconsistent rulings. Cf. In re Embro Patent Infringement Litigation, 328 F. Supp. 507 (J.P.M.L. 1971); In re Butterfield Patent Infringement Litigation, 328 F. Supp. 513 (J.P.M.L. 1970). We agree that the Northern District of Texas is the most appropriate transferee district.

We also believe it best to place all aspects of the litigation, the antitrust issues  as well as the validity of the patents, before the transferee judge, who can best decide

---

1/   The Louisiana and Texas defendants moved to postpone the hearing in order to allow them time to file papers concerning transfer of the antitrust claim and to serve an additional party so it would be included in the transfer.   We deny the motion because further briefing of this issue is unnecessary and because the addition of a party can be accomplished either before or after transfer.

-3-

on the most expeditious manner of preparing the cases for trial.
See <u>In re Yarn Processing Patent Validity Litigation</u>,     F. Supp.
(J.P.M.L. March 22, 1972); <u>In re Carrom Trademark Litigation</u>,
322 F. Supp. 1016 (J.P.M.L. 1971).

IT IS THEREFORE ORDERED that the action listed on the
attached Schedule A pending in the Western District of Louisiana
be, and the same hereby is, transferred to the Northern District
of Texas and, with the consent of that court, assigned to the
Honorable Leo Brewster for coordinated or consolidated pretrial
proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A

DOCKET NO. 101

## WESTERN DISTRICT OF LOUISIANA

Camco Inc., et al. v. Production
Specialties, Inc., et al.

Civil Action
No. 15,620

## NORTHERN DISTRICT OF TEXAS

Camco Inc., et al. v. Teledyne,
Inc., et al.

Civil Action
No. 4-1085